# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 19, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DAVID M. ROBERTS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-725V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Richard H. Moeller*, Moore, Heffernan, et al., LLP, Sioux City, IA, for Petitioner.
*Madelyn E. Weeks*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 23, 2022, David M. Roberts ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 71). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$94,788.22.**

### I. Procedural History

On May 22, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza vaccine on October 14, 2015, he suffered from transverse myelitis. *See* Petition (ECF No. 1). On March 22, 2022, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 67).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 23, 2022, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation for his attorney, Mr. Richard Moeller, in the total amount of $94,788.22, representing $64,330.30 in attorneys' fees and $30,457.92 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of this claim. Fees App. Ex. 5. Respondent reacted to the fees motion on April 6, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 72). Petitioner riled a reply on April 6, 2022, reiterating his belief that the requested attorneys' fees and costs are reasonable.

The matter is now ripe for adjudication.

II.   **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioner requests the following rates for the work of his counsel: for Mr. Richard Moeller, $275.00 per hour for work performed in 2017, $285.00 per hour for work performed in 2018, $300.00 per hour for work performed in 2019, $341.00 per hour for work performed in 2020, $363.00 per hour for work performed in 2021, and $379.00 per hour for work performed in 2022; and for Ms. Nikki Nobbe, $180.00 per hour for work performed in 2017, $190.00 per hour for work performed in 2018 and $200.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded by the undersigned and other special masters, and they shall be awarded herein. *See, e.g., Zielinski v. Sec'y of Health & Human Servs.,* No. 18-1075V, 2021 WL 1115823, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); *Hayward v. Sec'y of Health & Human Servs.,* No. 16-1539V, 2019 WL 960215 (Fed. Cl. Spec. Mstr. Feb. 1, 2019).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries accurately describe the work being performed and the length of time it took to perform each task and Respondent also has not identified any particular

entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $64,330.30.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $30,457.92, representing acquisition of medical records, postage, the Court's filing fee, work performed by Petitioner's medical expert, Dr. Thomas Morgan, and Petitioner's life care planner. Fees App. Ex. 3, at 2-3. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $64,330.30 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$64,330.30** |
| | |
| Attorneys' Costs Requested | $30,457.92 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$30,457.92** |
| | |
| **Total Attorneys' Fees and Costs** | **$94,788.22** |

**Accordingly, I award a lump sum in the amount of $94,788.22, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and his attorney, Mr. Richard Moeller.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master